COMMONWEALTH *vs.* MICHAEL HOGAN.

Among the papers transmitted by a justice of the peace to the court of common pleas in a criminal case were a complaint, jurat and warrant on one page, certified at the bottom to be " a true copy." *Held*, that the copy of the complaint was sufficiently attested.

COMPLAINT on *St.* 1855, *c.* 215, § 15, to a justice of the peace for unlawful sales of intoxicating liquors.

The papers transmitted by the justice to the court of common pleas consisted of a complaint, jurat and warrant, on one page, with this certificate at the bottom : " A true copy, attest : Edwin C. Morse, Justice of the Peace; " and, on the back of it, a copy of the record of the conviction before the justice, duly certified

After conviction in the court of common pleas, the defendant moved in arrest of judgment, " because the complaint returned to this court by the magistrate is not certified to be a copy of the original complaint, but bears the form of an original paper."

*Sanger,* J. overruled the motion, and the defendant alleged ex-ceptions.

*B. F. Ham,* for the defendant, cited *Commonwealth* v. *Burns,* 8 Gray, 482, and *Commonwealth* v. *Doty,* 2 Met. 18.

*S. H. Phillips,* (Attorney General,) for the Commonwealth.

METCALF, J. The Rev. Sts. *c.* 138, § 2, provide that when an appeal is taken from a justice of the peace, in a criminal case, he shall " make a copy of the conviction and other proceedings in the case, and transmit the same to the clerk of the court ap-pealed to." Unless the justice certifies that the papers, which he transmits, are copies of the conviction and other proceedings before him, the appellate court cannot know that they are copies. In the present case, a copy of the conviction is regularly certi-fied by the justice. But it is argued for the defendant, that the other proceedings in the case are not so certified ; because the complaint, the oath and the warrant are not severally certified to be true copies. All these purport to be copied on a single page, and at the bottom of the page the certificate of the justice is added thus : " A true copy, attest : Edwin C. Morse, Justice of the Peace." We think that by this was meant, and that we must understand, that all the papers on that page are truly copied on it. In *Commonwealth* v. *Doty,* 2 Met. 18, no certifi cate of the justice was affixed to the papers. In *Commonwealt* v. *Burns,* 8 Gray, 482, no certificate was affixed to the conviction of the defendant by the justice. The decisions in those cases, therefore, do not affect this. *Exceptions overruled.**

* A similar decision was made in Norfolk, November term 1858, in the case of COMMONWEALTH *vs.* PEGGY FITZGERALD, argued by *E. Wilkinson,* for the defendant, and by *S. H. Phillips,* (Attorney-General,) for the Commonwealth. See also *Commonwealth* v. *Doran,* 14 Gray, 37 ; *Commonwealth* v. *Ford,* 14 Gray 399.